WEST HELENA v. PATRICK.

Opinion delivered January 25, 1932.

*John C. Sheffield*, for appellant.

*Peter A. Diesch*, for appellee.

HUMPHREYS, J. Appellee brought suit on September 27, 1930, against appellant in the circuit court of Phillips County for $1,775, alleged to be due him for salary as chief of police of said city for eleven months and twenty-five days, at the rate of $150 per month. Appellant filed an answer, denying that it was indebted to him in the sum of $1,775, or in any other sum for salary as chief of police. The cause was submitted to the court upon the pleadings and an agreed statement of facts, which resulted in a judgment against appellant in the amount sued for, from which is this appeal.

The agreed statement of facts is as follows:

"Agreed Statement of Facts.

"It is agreed by and between the plaintiff and the defendant that this case may be tried on the laws and the following statement of facts:

"1. The city of West Helena is a city of first class.

"2. L. H. Kessler was elected mayor of West Helena at the regular biennial election on April 2, 1929, and entered upon his duties as mayor on the following Monday night, at the regular monthly meeting of the city council.

"3. Ordinance No. 66 of the city of West Helena, approved March 15, 1920, reads as follows: 'Section 9. That, at the first regular meeting held by the city of West Helena city council after the annual election in

April, or as soon thereafter as practicable, the mayor shall appoint a competent man of good moral character to be chief of police, who shall hold his office for the term of one year, or until his successor shall have been appointed and qualified, and the salary is fixed at the sum of $150 a month.'

"4. Pursuant to ordinance No. 66, at the first meeting of the city council in regular session, or on the same date the mayor was qualified as mayor, as per paragraph 2, L. H. Kessler, mayor, with the advice and consent of the council, appointed the plaintiff, Lee Patrick, as chief of police on April 9, 1929, and he served as such chief of police until April 15, 1930.

"5. At the first regular council meeting held after the city election, same being the regular election, or on April 15, 1930, John J. Johnson was appointed by Mayor Kessler, with the advice and consent of the council, to succeed the plaintiff, Lee Patrick, as chief of police, and on the same date John J. Johnson qualified as said chief of police, and has since that time served as chief of police. Lee Patrick was paid the sum of $150 every month by the city of West Helena up to the time of Johnson's appointment, April 15, 1930, when Johnson was appointed and qualified.

Signed: "Peter A. Deisch,
"Attorney for Plaintiff.
"John C. Sheffield,
"Attorney for Defendant."

Under the agreed statement of facts, appellee was appointed chief of police of the city of West Helena for the term of one year or until his successor was appointed, accepted his appointment and served until April 15, 1930, at which time his successor, John J. Johnson, was appointed and qualified without objection or protest on his (appellee's) part. He accepted pay for the time he served, and allowed his successor to accept the salary thereafter without objection or protest. Having been appointed pursuant to the terms of the ordinance, and having retired pursuant to the terms thereof, he cannot

now be heard to say that the part of the ordinance fixing his term at one year was in conflict with the State statute fixing his term at two years, and therefore void. He is clearly estopped to plead the invalidity of the ordinance in that respect. His acquiescence in the appointment of his successor and his successor's service and acceptance of salary amounted to a resignation and refusal to serve on his part, and he is bound by his acts. Otherwise, where all parties acted in good faith, his silence would place the burden on appellant city of paying two salaries, one to the party who actually served in the capacity of chief of police and earned it and the other to a chief of police who did not serve or offer to serve, but who willingly walked away without protest and allowed another to do his work. Even though the ordinance was void in fixing a one-year instead of a two-year term for chief of police, appellee's act precluded him from recovering the balance of the salary attached to the unexpired term.

On account of the error indicated, the judgment is reversed, and the cause of action is dismissed.